**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

TYNESHIA FORD                                    CIVIL ACTION NO. 24-0382

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

DIESEL DRIVING ACADEMY                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Diesel Driving Academy's ("DDA") Motion to Dismiss pursuant to Rule 12(b)(6). See Record Document 11. Plaintiff TyNeshia Ford ("Ford") opposed. See Record Document 14. DDA replied. See Record Document 15. For the reasons set forth below, DDA's Motion is **GRANTED**, and all claims asserted by Ford against DDA are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Ford began employment with DDA on March 13, 2020. See Record Document 1 at 5. Over the next six months, Ford claims her "workload increased significantly in comparison to the male instructors." See id. She "expressed to the director on several occasions how the amount of the work that was given was too much to handle[,] and [she] needed additional assistance. See id. Ford alleges that soon after she expressed those complaints, Roger Brantley ("Brantley") was hired in her division. See id. Within a month, Brantley was the lead instructor and started assigning Ford tasks even after she "mentioned that [she] [had] existing commitments that [she] was currently working on." See id. She claims this conduct continued until the end of her employment with DDA. See id.

Ford alleges "[t]he men would be given lighter task[s,] as her workload would continue to be increase[d]." See id. On May 26, 2022, she claims Brantley forced her to take out four students, even after she informed him that she "could not due to [her] current assignments." See id. While she was observing one of these four students, an incident occurred on the railroad tracks. See id. A wire from the railroad crossing signal arm got hooked on the back of the vehicle, which prevented the student from being able to drive forward. See id. Ford states that she got out of the vehicle and unhooked the arm. See id. She claims nothing was damaged, and no one was injured. See id.

On May 31, 2022, Ford claims her employment at DDA was terminated because she did not report the May 26 incident. See id. She alleges, however, that "no thorough or accurate investigation was done." See id. As a result, Ford filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 27, 2023, alleging that DDA violated Title VII of the Civil Rights Act of 1964 by terminating her employment based on her race and gender. See Record Document 11-1 at 2. In her Complaint, Ford claims she received the Notice of Rights on December 16, 2023 and attaches a reminder email she received from the EEOC on that date. See id.; see also Record Document 1 at 9.

## LAW AND ANALYSIS

### I. Dismissal Standard.

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go

outside the pleadings." <u>Colle v. Brazos Cnty., Tex.</u>, 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. <u>See id.</u> Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the <u>Iqbal</u> and <u>Twombly</u> standards to survive such a motion. <u>See id.</u> at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. <u>See id.</u>

Under Rule 12(d), a court must treat a motion to dismiss as a motion for summary judgment under Rule 56 when it considers matters outside of the pleadings. <u>See</u> <u>McHenry v. Kean Miller LLP</u>, No. 22-1581, 2022 WL 4465951, at *3 (E.D. La. Sept. 26, 2022). However, a "[c]ourt may consider documents attached to the complaint, referenced in documents that are central to the claim, and documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion." <u>Id.</u> Additionally, a "court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims." <u>Id.</u> "[W]hen an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls." <u>Id.</u>

## II. Title VII's Time Limitations.

A plaintiff asserting a discrimination claim under Title VII is required to exhaust all administrative remedies before filing suit. <u>Id.</u> at *4. The timely filing of an EEOC charge "is a statutory prerequisite to suit under Title VII." <u>Id.</u> A plaintiff is required to "file suit within

90 days of receipt of the EEOC's determination notice." Id. If a plaintiff fails to timely file suit, they are barred from proceeding with a civil action. See id.

"The 90-day limitation period is strictly construed, and it begins to run on the date that the EEOC right-to-sue letter is received." Id. at *5. If the date on which the letter was received is unknown or disputed, "presumption of receipt within three to seven days of mailing is appropriate." Id.; see also Bowers v. Potter, 113 Fed. Appx. 610, 612–13 (5th Cir. 2004). Within the Fifth Circuit, courts "have found that a claimant's receipt of the EEOC's notice via email begins the 90-day limitation period." McHenry, 2022 WL 4465951, at *5. This presumption does not apply if a "plaintiff, through no fault of her own, failed to receive the letter, or [she] presents some other equitable reason for tolling the statute." Bowers, 113 Fed. Appx. at 613.

### III. Summary of the Arguments.

In its Motion, DDA argues Ford filed her Complaint 98 days after her receipt of the Notice of Rights, and thus, her untimely Complaint is time-barred, and her claims should be dismissed with prejudice. See Record Document 11-1 at 1. DDA asserts that the Court can take judicial notice of the EEOC documents as public records when determining whether its Motion should be granted. See id. at 5. Additionally, DDA contends that Ford did not receive notice of December 16, 2023 because the December 16 email served as a reminder, not official notice. See id. at 6. DDA submits that the EEOC's records show that Ford received notice of the issuance of the Notice of Rights during her call with Clifton Owens ("Owens") on December 8, 2023 and by an email sent to her on that same date. See id. at 7.

4

Ford opposes, arguing the Motion should be denied because her Complaint was filed within the 90-day time frame. See Record Document 14 at 1. She contends that when she went to check her portal on December 9, 2022, the Right to Sue letter was not there. See id. at 4. Ford submits that the EEOC completed its investigation on December 11, and "it [was not] until December 16 [that] [she] received an email that [was] stated as a [r]eminder in the subject line." See id. (emphasis omitted). She asserts that this December 16 email "was the first email [she] received in writing" explaining that the EEOC made a decision, and she could proceed to downland the letter. See id. Although she claims she never received the letter in the mail or received a phone call informing her the letter was available to downland, Ford submits that she "used the actual date [] [she] was notified of the decision through email[,] thus giving [her] March 15 as the deadline." See id. Ford asks the Court to deny DDA's Motion because she timely filed her Complaint and is entitled to relief. See id.

DDA replies and first notes that Ford did not timely oppose its Motion because her opposition was filed one day after the deadline. See Record Document 15 at 1. Even so, DDA reiterates that her Complaint should be dismissed as time barred because the evidence attached to its Motion shows that the Notice of Rights was signed, issued, and posted to the EEOC portal, and Ford was simultaneously notified via email on December 8, 2023. See id. at 2. DDA contends she has presented no admissible evidence to substantiate her claim that the EEOC's Notice of Rights was not available to her via the EEOC's online portal. See id. at 3. DDA argues Ford's unsworn statement is inadmissible and directly contradicted by the EEOC's records. See id. There is no evidence supporting her statement that she logged onto the portal on December 9 and/or December 11, 2023.

See id. DDA submits that her failure to download, print, or otherwise review the Right to Sue letter from the online portal does not toll the 90-day time limitations. See id. Therefore, DDA asks the Court to grant its Motion and dismiss all of Ford's claims with prejudice. See id. at 4.

**IV. Analysis.**

Ford claims she received a letter from the EEOC notifying her of her right-to-sue on December 16, 2023. See Record Document 1 at 1. Attached to her Complaint is the EEOC's "Determination and Notice of Rights" dated December 8, 2023. See id. at 4. This letter explains that if Ford chooses to file a lawsuit on this charge under federal law in federal court, her "lawsuit must be filed WITHIN 90 DAYS of [her] receipt of this notice." See id. (emphasis omitted). She also attaches to her Complaint an email sent on December 16, 2023 from the EEOC titled: "REMINDER: Important Document Available for EEOC Charge 461-2023-01463." See id. at 9. This reminder email stresses the importance of downloading and retaining a copy of the EEOC's decision. See id.

These set of facts are similar to those in Patton v. Bodacious Bar & Q, No. 22-6040, 2024 WL 3330615 (W.D. La. July 8, 2024). In Patton, the pro se plaintiff attached to her complaint and opposition to the motion to dismiss an email "from the EEOC notifying her that a decision had been made regarding her discrimination charge." Id. at *2. The subject line of the email read as follows: "'REMINDER: Important Document Available for EEOC Charge 461-2022-01522.'" Id. The district court found that the "subject line indicate[d] that it was not the first email to [the plaintiff] notifying her of important documents from the EEOC regarding her discrimination charge." Id. The email continued and stated that the "'EEOC has made a decision regarding charge number 461-2022-

6

01522. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal.'" Id.

The district court held that the plaintiff's suit was untimely because the 90-day period did not commence on the date she received the reminder email. See id. The court reasoned that "'[w]hen a claimant receives notice that the right to sue has been issued through means other than mail, the 90-day period commences regardless of whether the letter has been received.'" Id. (quoting Young v. Martin Marietta Materials Inc., No. 22-00272, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022), report and recommendation adopted, No. 22-00272, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023) (collecting cases)). The plaintiff's "failure to download, print or otherwise review the right-to-sue letter from the online portal [did] not toll the 90-day statute of limitations." Id. Thus, the district court granted dismissal. See id.

In the instant case, Ford alleges she did not receive notice until December 16, and thus, the 90-day period did not commence until December 16. The Court disagrees. Her failure to download, print, or otherwise review does not toll the 90-day limitations period. She fails to put forth any evidence showing that she suffered adverse consequences because of circumstances beyond her control. See Lee v. Wal-Mart, Inc., No. 05-3406, 2006 WL 925122, at *2 (S.D. Tex. Apr. 10, 2006). There is nothing to support her allegations that when she checked her portal on December 9 and/or 11, the letter was not there. See Record Document 14 at 4. To combat her allegations, DDA provides the EEOC's records which show that the letter was emailed to Ford on December 8, 2023. See Record Document 11-2 at 8. Furthermore, during a phone call between Owens and Ford, the 90-day time frame was brought to Ford's attention and discussed. See Record

7

Document 11-2 at 10. From these records, it is evident that Ford received the initial "Determination and Notice of Rights" on December 8, 2023 via email. Since her allegations contradict the attached exhibits, the Court finds that the exhibits control. See McHenry, 2022 WL 4465951, at *3.

Her pro se status "does not qualify [her] for equitable tolling, as other pro se plaintiffs have had their complaints dismissed for failure to file within 90 days of receipt of the right to sue." Lovell v. Office of Fin. Insts., No. 18-00575, 2019 WL 1233856, at *4 (M.D. La. Mar. 15, 2019). The Court strictly construes the 90-day limitation period and finds that Ford's Complaint is untimely. The 90-day period commenced on December 8, 2023, and she had until March 7, 2024 to file her Complaint; however, she did not file her Complaint until March 15, 2024. See Record Document 1. Thus, Ford's claims against DDA are time-barred.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that DDA's Motion to Dismiss (Record Document 11) is **GRANTED**. All of Ford's claims asserted against DDA are time-barred, and thus, **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of March, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE